IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHARON K. WALKER                                                    PLAINTIFF

VS.                              CASE NO. 4:15-CV-00695 SWW

PULASKI COUNTY SPECIAL SCHOOL DISTRICT,
A Public Body Corporate                                            DEFENDANT

PLAINTIFF'S RESPONSE TO THE DEFENDANT'S
STATEMENT OF UNDISPUTED FACTS

Comes the plaintiff Sharon K. Walker, by and through her attorney **Austin Porter Jr.,**

**d/b/a PORTER LAW FIRM**, and for her response to the defendant's statement of undisputed

facts, she states the following:

1.      Pulaski County Special School District (PCSSD or District) is a school district

organized pursuant to the laws of the State of Arkansas for the purpose of providing a public

education to students within its established boundaries in Pulaski County, Arkansas.

**Response**:  Admit.

2.      Plaintiff was employed by the District as a certified teacher from June 2005 through

the 2014-2015 school year.

**Response**:  Admit.

3.      During the 2011-2012 through 2013-2014 school years, Plaintiff taught economic

and business law courses and was assigned one conference period per day.

**Response**:  Admit.

4.      During the 2014-2015 school year, Plaintiff was assigned a schedule of economic

and business law classes for five of the seven periods of the day, and was assigned a one period

alternative learning environment class to teach math subjects.

1

**Response**:  Admit. The plaintiff was required to teach three (3) math classes in a fifty (50) minute class period, in addition to teaching her regular classes of economics, Business Law I and Business Law II. (**See Deposition of Sharon Walker attached herein as Plaintiff's Exhibit "A", pp. 39, 41-44**).  The plaintiff had five (5) preps that she was required to perform.  (**Walker's depo., pp. 43-44**).  The plaintiff also had to teach ALE, which is alternative learning education, to children who were problematic.  (**Walker's depo., p. 46**).   The plaintiff was required to teach this ALE class during the 2014-2105 school year. None of the students were on grade level. (**Walker's depo., p. 49**).  Although there was supposed to have been another teacher assisting the plaintiff with the ALE class, she was the only teacher assigned to the class.  This ALE class was very chaotic, there were fights every day, and the students were out of control. (**Walker's depo., 50**).

5.      Plaintiff, displeased that one period of ALE had been added to her schedule, filed a grievance with the District, but failed to exhaust all of her administrative remedies regarding the grievance, before she went on leave under the Family and Medical Leave Act (FMLA).

**Response**:   Deny.  Although the plaintiff filed a grievance over being required to teach the three (3) math classes during a fifty (50) minute class period during the ALE period.  The plaintiff filed a grievance over the matter. (**Walker's depo., p. 75**).  During the 2012-2013 school year, the plaintiff taught all business classes, which included Economics, Business Law I and II. The plaintiff also helped with the in-school suspension as well. (**Walker's depo., 39**).  The plaintiff transferred to Maumelle High School during the 2014-2015 school year. (**Walker's depo., pp. 27-28**).  Actually, the plaintiff transferred to Maumelle High School during the 2011-2012 school year. (**Walker's depo., p. 34**).  Rebecca Guthrie was the principal at Maumelle. Ms. Guthrie is Caucasian. (**Walker's depo., pp. 75, 93**).

Ms. Walker filed her level one grievance, which was heard by Ms. Guthrie. Ms. Guthrie denied her grievance. Ms. Walker then filed her level two grievance, which was heard by Dr. Jerry Guess, the appointed Superintendent for the Pulaski County Special School District (PCSSD). Dr. Guess denied her level two grievance. (**Walker's depo., p. 75-76**). Ms. Guthrie was doing things to the plaintiff to make her blood pressure rise. (**Walker's depo., p. 75**). The plaintiff then filed a Level III grievance, which was scheduled to be heard by a panel. On the night of the scheduled hearing in December 2014, the hearing lasted until the early morning hours. (**Walker's depo., p. 76-77**). Although the plaintiff appeared for her hearing, since the first hearing lasted for a long time, the plaintiff's representative told her to go home, they would have to reschedule. (**See Affidavit of Sharon Walker attached herein as Plaintiff's Exhibit "B"**).

Despite the fact that there were other certified math teachers who could have taught the math classes, the plaintiff was forced by Ms. Guthrie to teach these classes. (**Walker's depo., p. 60**). Ms. Guthrie moved the plaintiff from her regular classroom, and placed her in a "cubbyhole." With these changes, and the extra teaching duties, the plaintiff's blood pressure increased significantly, to the point where her pressure was 180/? The school nurse was so concerned, that she suggested that the paramedics be called. (**Walker's depo, p. 61**). The plaintiff drove herself to the doctor, who placed her on Triamterene. This was during the 2013-2014 school year. (**Walker's depo., p. 62**). The medication that the plaintiff was placed on, caused her to have to go to the restroom a lot. The plaintiff's doctor wrote a letter to Ms. Guthrie, asking for an accommodation, by having her room placed close to a restroom. (**Walker's depo., pp. 62-63**). Although the plaintiff's doctor asked that the plaintiff's classroom be placed close to the restroom, Ms. Guthrie refused to honor this request. (**Walker's depo., p. 64**). The plaintiff had to grieve the matter, in order to have her placed back in her regular classroom. (**Walker's depo. p. 66**).

3

6.      On or around December 30, 2014, Plaintiff took a leave of absence under FMLA due to a diagnosis of depression.

**Response**:  Admit.  However, not only was the plaintiff diagnosed with depression, she was diagnosed with OCD, difficulty sleeping, and anxiety. (**Walker's depo., p. 86**).

7.      Plaintiff's FMLA leave was set to expire on April 8, 2015, but was extended by the District on her request.  The District maintained her employment.

**Response**:  Admit.

8.      Plaintiff did not return to work during the 2014-2015 school year.

**Response**:  Admit.

9.      On June 10, 2015, Plaintiff's clinical psychologist sent a letter to the District's Chief Executive Officer, Paul Brewer (Brewer), asking that the District accommodate Plaintiff with a schedule of all business classes.  This was the first request given to the District regarding an accommodation for Plaintiff.

**Response**:  Deny.  Although the plaintiff's clinical psychologist sent a letter to Paul Brewer requesting accommodation, the plaintiff's other doctor had requested an accommodation as early as February 22, 2014.  (**See letter from Srinivasan Ramaswamy, M. D., attached herein as Plaintiff's Exhibit "C"**).

10.     On July 6, 2015, Brewer called Plaintiff and offered her a schedule of all business classes at North Pulaski High School for the 2015-2016 school year.

**Response**:  Deny.  Although Brewer had offered the plaintiff a position at North Pulaski High School, it was common knowledge at that time that North Pulaski High School/Jacksonville was detaching from the PCSSD to form its own school district. At the end of the school year of 2015-2016, all school teachers would not have a job with the new school district, and would have

4

to re-apply for jobs.  (**Walker's depo., pp. 102, 105**).   Paul Brewer told the plaintiff that several people were leaving the district, which would have created several teaching vacancies. (**Walker's depo, p. 102**).  The plaintiff applied for vacant business classes for the upcoming 2015-2016 school year at Mills, Sylvan Hills, and Robinson.  (**See Plaintiff's Exhibit "D"**).  This was during June 2015.  The above mention schools had vacancies in the business classes; however, the plaintiff was not even granted an interview for these classes. (**Walker's depo., p. 103**).  In times past, the plaintiff did not have to apply for vacant positions with the district, she was just placed in them. (**Walker's depo., p. 106**).   Again, the plaintiff was offered a job at North Pulaski High/Jacksonville High, but the defendant knew that this school was scheduled to be detached from the PCSSD. (**Walker's depo, p. 109**).  The plaintiff would have been placed in a stressful position of not knowing that she would have a job. (**Walker's depo., p. 110**).

11.    Plaintiff refused this accommodation provided by the District.

**Response**:  Admit. Again, this was placing the plaintiff in a stressful situation not knowing the future of her employment with a new school district.  (**Walker's depo., p. 109**).  Furthermore, the plaintiff would be forced to give up her seniority, to take a job with no assurances that she would have a job. (**Walker's depo., p. 105**).  Dr. Guess could have easily placed the plaintiff in one of the vacant business classes at either Mills, Sylvan Hills, or Robinson, just as he was offering to place her at North Pulaski High. (**See email attached herein as Plaintiff's Exhibit "E"**).  Furthermore, undersigned counsel on behalf of plaintiff, sent a letter to Dr. Jerry Guess, informing him that the plaintiff was willing and ready to return to teaching a business class for the PCSSD. (**See Plaintiff's Exhibit "F"**).

12.    On August 3, 2015, Plaintiff wrote to Brewer asking that her FMLA leave to extended through September 3, 2015.

**Response**:   Admit.

13.     On August 13, 2015, Brewer wrote to Plaintiff advising that if she was released to return to work after September 3, 2015, he would attempt to find her a position in the District.

**Response**:   Admit.

14.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on August 5, 2015, contending that she was discriminated against due to a disability.

**Response**:   Admit.

15.     Plaintiff is currently employed with the North Little Rock School District as a special education teacher.

**Response**:   Admit.

16.     The District has denied all claims brought against it by Plaintiff or that it violated any applicable law.

**Response**:   Admit.   The plaintiff admits that the defendant has made these denials. However, the facts in this case, do not support the defendant's denials.

17.     The District asserts that Plaintiff was not discriminated against for any reason in violation of applicable law, nor did the District violate any rights or duties owed to Plaintiff.

**Response**:   Deny.

Respectfully submitted,

**/s/ Austin Porter Jr.**
Bar Number 86145
PORTER LAW FIRM
The Tower Building
323 Center Street, Suite 1300

Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
E-mail: Aporte5640@aol.com

CERTIFICATE OF SERVICE

I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern District of Arkansas - Western Division, on the 13th day of March 2017, using the CM/ECF system, which is designed to send notification of such filing to the following:

Jay Bequette
Cody Kees
BEQUETTE & BILLINGSLEY, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, Arkansas 72201-3469

jbequette@bbpalaw.com
ckees@bbpalaw.com

**/s/Austin Porter Jr.**

7